IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**FILED** JUL 1 6 2002
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

| | | |
|---|---|---|
| ROBERT DAVIS, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 01 C 6368 |
| | ) | |
| THE UNITED STATES OF AMERICA, | ) | Judge Elaine E. Bucklo |
| | ) | |
| Defendant. | ) | |

## NOTICE OF MOTION

TO: Mr. Jack Donatelli
Assistant United States Attorney
U.S. Department of Justice
219 South Dearborn Street, Fifth Floor
Chicago, Illinois 60604

**DOCKETED** JUL 2 2 2002

**DOCKETED** AUGUST 2 2002

YOU ARE HEREBY NOTIFIED that on the 7th day of August, 2002 at 9:30 a.m., or as soon thereafter as counsel can be heard, I shall appear before the Honorable Judge Elaine E. Bucklo, or such other Judge as may be holding Court in her absence, in Courtroom 1903, usually occupied by her as a Courtroom in the Dirksen Federal Building, 219 S. Dearborn Street, Chicago, Illinois, and then and there present the attached PLAINTIFF'S MOTION TO INCREASE THE AD DAMNUM AND THE AMOUNT OF DAMAGES REQUESTED IN HIS ADMINISTRATIVE CLAIM PURSUANT TO 28 U.S.C. SECTION 2675(B), for a hearing instanter, at which time and place you may appear if you so desire.

/s/ _____

STATE OF ILLINOIS  )
                   ) SS
COUNTY OF COOK     )

## CERTIFICATE OF SERVICE

The undersigned, being first and duly sworn under oath, deposes and states that she served the within Notice of Motion to the above addressee by placing same in the U.S. Mail, postage prepaid, at Schaumburg, Illinois, 60194, on this 15th day of July, 2002.

/s/ _____

SUBSCRIBED and SWORN to before me this 15th day of July, 2002.

/s/ Janet Korman
Notary Public

"OFFICIAL SEAL"
JANET L. KORMAN
Notary Public, State of Illinois
My Commission Expires 12/24/05

Mark L. LeFevour
KELLEY, KELLEY & KELLEY
Attorneys for Plaintiff
1535 West Schaumburg Road
Schaumburg, Illinois 60194
(847) 895-9151

**FILED**
JUL 1 6 2002

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

ROBERT DAVIS, )
              )
     Plaintiff, )
              )
v.            ) No. 01 C 6368
              )
THE UNITED STATES OF AMERICA, ) Judge Elaine E. Bucklo
              )
     Defendant. )

**DOCKETED**
JUL 2 2 200[?]

### PLAINTIFF'S MOTION TO INCREASE THE AD DAMNUM AND THE AMOUNT OF DAMAGES REQUESTED IN HIS ADMINISTRATIVE CLAIM PURSUANT TO 28 U.S.C. SECTION 2675(B)

NOW COMES ROBERT DAVIS by and through his attorneys, KELLEY, KELLEY & KELLEY, and moves this Court to allow him to increase the ad damnum of his Complaint and the amount stated in his administrative claim pursuant to 28 U.S.C. Section 2675(b), and in support thereof states as follows:

### I. BACKGROUND

Plaintiff, ROBERT DAVIS, is a fifty-eight year old veteran who has filed a Complaint, pursuant to the Federal Tort Claims Act, 28 U.S.C.A. Section 2671 et seq, alleging that the Veteran's Administration (V.A.) doctors and staff were negligent in the provision of medical care to the plaintiff. (See Exhibit 1, Plaintiff's Complaint). On June 16, 2000, Plaintiff filed his administrative claim with the V.A. seeking $1,000,000.00 in damages for the V.A.'s medical negligence. (See Plaintiff's claim attached as Exhibit D to Exhibit 1, attached hereto).

The Plaintiff filed his claim with the V.A., pro-se and

without the assistance or advice of an attorney. (See Plaintiff's Affidavit, attached hereto as Exhibit 2). When the Plaintiff filed his claim, he was not aware of the consequences that a substantial judgment or settlement in his favor on his claim would have on his ability to receive medical benefits from the V.A. without the cost of paying for that healthcare. (See Exhibit 2). After Plaintiff filed his claim, he discovered that proceeds received from a tort claim settlement against the United States Government pursuant to the Federal Torts Claim Act are to be considered "countable income for V.A. purposes. 38 USC Section 1522, 38 CFR Sec. 3.272. See Cooper v. USA, 313 F.Supp. 1207 (D. Neb. 1970).

If, after a trial on the merits, this Court finds in favor of the Plaintiff and awards him substantial damages then, pursuant to the foregoing statute and regulations, he will lose his V.A. benefits including payment of his medical expenses and costs. In filing his administrative claim, the Plaintiff did not know of and did not consider these potential economic losses.

The Plaintiff hereby seeks leave to amend the amount of his ad damnum and the amount of his administrative claim pursuant to 28 U.S.C. Section 2675(b) to an amount that the Court determines is warranted by the evidence at trial and which amount exceeds the One Million Dollar ($1,000,000.00) claim already filed by the Plaintiff.

## II. THE PLAINTIFF SHOULD BE ALLOWED TO INCREASE HIS CLAIM

"By its terms, the Federal Tort Claims Act (FTCA) bars

actions for damages in excess of the administrative claim in all but two circumstances: (1) where the Plaintiff proves 'newly discovered evidence not reasonably discoverable at the time of presenting the claim to the federal agency' or (2) where the Plaintiff proves 'intervening facts' [citation omitted]. Plaintiff may seek a larger amount if he meets either of these tests [citation omitted]." Milano v. USA 92 F.Supp.2d 769, 774 (N.D.Ill.2000). See also Zurba v. USA, 2001 WL 1155285 (N.D.Ill.2001, Kennelly, J.) (currently on appeal to the Seventh Circuit). Robert Davis submits that the potential effect of the loss of his rights to V.A. benefits was not reasonably discoverable to him as a non-lawyer, lay person at the time he presented his claim to the Veterans Administration.

Dr. Howard Lipke, in his deposition, has indicated that the Plaintiff will require additional services for his post-traumatic stress disorder (PTSD) for an extended time period into the future. (See Exhibit 3, Lipke Dep. pp. 53-57). Dr. Lipke has estimated that he will need forty-five to forty-eight visits per year at a cost of approximately $35.00 to $100.00 per hour. (Lipke Dep. pp. 54,56). In further support of Plaintiff's future medical costs, the Plaintiff has received quotes from Blue Cross Blue Shield as to the cost that his future treatments would be. (See Exhibit 4, attached hereto).

These facts were not reasonably discoverable to Mr. Davis at the time he presented his claim to the Veterans Administration because as a lay person he was unaware of the effect that a

3

substantial award would have on his V.A. benefits. These facts have caused the amount of Mr. Davis' potential economic damages to be increased, if this Court were to award the full amount of his claim for his non-economic damages.

As such, Mr. Davis would respectfully requests that this Court grant an increase in his claim and reserve ruling on any increase in the claim until the Court hears all of the evidence at trial, and if warranted by the evidence, awards Mr. Davis an amount in excess of the amount of his claim.

### III. CONCLUSION

WHEREFORE for all the foregoing reasons, Robert Davis would respectfully request that this Court grant his motion to increase his claim to an amount that would cover his medical costs, in addition to the amounts stated in his claim for non-economic damages and to reserve ruling on the amount of the increase of the claim until the Court has heard all of the evidence at trial and at that time, if warranted by the evidence, to award Mr. Davis an amount in excess of the amount of his claim.

Respectfully submitted,

KELLEY, KELLEY & KELLEY

By: _____
One of Plaintiff's Attorneys

Mark L. LeFevour
KELLEY, KELLEY & KELLEY
Attorneys for Plaintiff
1535 West Schaumburg Road
Schaumburg, Illinois 60194
(847) 895-9151

*See Case File for Exhibits*