Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Amy J. St. Eve | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 6368 | **DATE** | 10/1/2002 |
| **CASE TITLE** | Davis vs. USA | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due _____. Reply to answer brief due _____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
      ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry]   Enter Memorandum Opinion and Order. Plaintiff's motion to increase the *Ad Damnum* and the Amount of Damages Requested in His Administrative Calim [doc. 6-1] is denied.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | **Document Number** |
| | Notices mailed by judge's staff. | | OCT 01 2002 | |
| | Notified counsel by telephone. | | date docketed | 14 |
| ✓ | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| TH/ | courtroom deputy's initials | Date/time received in central Clerk's Office | date mailed notice | mailing deputy initials |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ROBERT DAVIS, | ) | |
| | ) | **DOCKETED** |
| Plaintiff, | ) | |
| | ) | OCT 0 1 2002 |
| | ) No. 01 C 6368 | |
| v. | ) | |
| | ) Judge Amy J. St. Eve | |
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff has moved to increase the *ad damnum* and the amount of damages requested in his administrative claim pursuant to 28 U.S.C. § 2675(b). (R. 6-1.) For the reasons set forth below, Plaintiff's Motion is denied.

## BACKGROUND

Plaintiff Robert Davis a veteran who alleges that doctors and staff of the North Chicago Veterans Administration Medical Center in Cook County, Illinois (the "VA") were negligent when they performed a transuretheral incision of the prostate procedure ("TUIP") and a transurethral resection of the prostate procedure ("TURP") to address the Plaintiff's enlarged prostate. (R. 1-1, Compl. ¶ 14-19.) Plaintiff alleges that he suffered various injuries as a result of the TUIP and TURP. (*Id.* ¶ 22.)

Without the advice or assistance of an attorney, Plaintiff filed an administrative claim with the VA seeking $1,000,000 in damages for the VA's alleged negligence. (R. 6-1, Mot. to Increase the *Ad Damnum* at 1-2.) After the government denied his administrative claim, the Plaintiff retained counsel and filed the instant action. Plaintiff subsequently learned that any settlement or damage award he may receive as a result of his claim would constitute "countable

income" and would cause him to lose some benefits, including medical benefits for his various other medical problems as well as a disability pension. *See* 38 U.S.C. § 1522; 38 C.F.R. § 3.272. *See also Cooper v. U.S.*, 313 F.Supp. 1207, 1211-1212 (D. Neb. 1970). Accordingly, Plaintiff seeks leave to increase the *ad damnum* and the amount of damages requested in his administrative claim in order compensate for this potential loss of benefits.

## ANALYSIS

Under the Federal Tort Claims Act ("FTCA"), a plaintiff suing the federal government is ordinarily limited to the damages asserted in the administrative claim presented to the federal agency. A plaintiff can increase this amount if he can demonstrate the existence of intervening facts or newly discovered evidence supporting greater damages. *See* 28 U.S.C. § 2675(b) (an FTCA action "shall not be instituted for any sum in excess of the amount of the claim presented to the federal agency, except where the increased claim is based upon newly discovered evidence not reasonably discoverable at the time of presenting the claim to the federal agency, or upon allegation and proof of intervening facts relating to the amount of the claim"); *see also Milano v. United States*, 92 F.Supp.2d 769, 774 (2000).

As a statute waiving sovereign immunity, the FTCA is strictly construed. *Franklin v. United States*, 992 F.2d 1492, 1503 (10th Cir. 1993); *see also United States v. Nordic Village, Inc.*, 503 U.S. 30, 33, 112 S.Ct. 1011, 1014-1015, 117 L.E.2d 181 (1992) ("the Government's consent to be sued must be construed strictly in favor of the sovereign and not enlarge[d] . . . beyond what the language requires.") (alterations in original; citations and quotations omitted). The Plaintiff bears the burden of demonstrating the existence of intervening facts or newly

2

discovered evidence supporting potential damages in excess of his administrative claim. *Milano*, 92 F.Supp.2d at 774; *Spivey v. United States*, 912 F.2d 80, 85 (4th Cir. 1990).

Plaintiff argues that he should be permitted to increase his *ad damnum* and the amount of damages requested in his administrative claim because, as a lay person, the effect of a potential settlement or damages award on his benefits was not reasonably discoverable to him at the time he prepared his administrative claim. (R. 6-1, Mot. to Increase the *Ad Damnum* at 3-4.) Alternatively, Plaintiff suggests that the effect of a settlement or damages award on his benefits should be viewed as an intervening fact -- and indeed, a fact that has not yet occurred -- because any loss of benefits is contingent on the Court finding for him on his present damage claims. (R. 10-1, Reply to Defendant's Response to Plaintiff's Mot. to Increase the *Ad Damnum*, at 3.)

## I.  The Exception for Newly Discovered Evidence.

Plaintiff contends that although he was aware of the nature of his injuries at the time he filed his administrative claim, he was unaware of the legal implications of any recovery. Plaintiff suggests that because he prepared his administrative claim without the assistance of an attorney, it was impossible for him to know that a settlement or damages award might cause him to lose his benefits and pension. Plaintiff effectively concedes that if he had consulted with an attorney prior to filing his administrative claim, he would have been aware of the effect of a settlement or damages award on his benefits and pension. Thus, reduced to its essence, Plaintiff's claim is that the "reasonable diligence" mandated under Section 2675(b) did not require him to consult with an attorney.

The courts, however, have rejected the proposition that an FTCA plaintiff is excused from consulting with doctors or other experts as part of his or her "reasonable diligence." *United*

3

*States v. Kubrick*, 444 U.S. 111, 123, 100 S. Ct. 352, 360, 62 L.Ed.2d 259 (1979) ("A plaintiff . . . armed with the facts about the harm done to him, can protect himself by seeking advice in the medical and legal community. To excuse him from promptly doing so by postponing the accrual of his claim would undermine the purpose of the limitations statute, which is to require the reasonably diligent presentation of tort claims against the Government."); *Fraysier v. United States*, 766 F.2d 478, 481 (11th Cir. 1985) (in determining whether the exception under Section 2675(b) is available, the plaintiff could not be held to a standard that charges him with "knowing what the doctors *could not* tell him.") (emphasis added).

In *Wollman v. Gross*, for example, the Eighth Circuit affirmed the dismissal of a plaintiff's FTCA claim on statute of limitations grounds where the plaintiff had been ignorant of the legal implications of the defendant's status as a government employee. 637 F.2d 544, 549 (8th Cir. 1980). The *Wollman* case arose from an automobile collision between the plaintiff and an employee of the Agriculture Stabilization and Conservation Service ("ASCS"). Although he had been aware that the defendant was a government employee, the plaintiff failed to timely file an administrative claim because he had been unaware that the defendant was acting within the scope of his employment at the time of the accident. Thus, the plaintiff argued that he should be excused from the statute of limitations because of "blameless ignorance." *Id.* at 547. The district court disagreed, holding that the plaintiff's claims were time-barred, and the plaintiff appealed.

4

On appeal, the Eighth Circuit rejected the plaintiff's "blameless ignorance" argument. Citing *Kubrick*, the Eighth Circuit reasoned that if the plaintiff had exercised reasonable diligence, he would have become aware of the legal implications of the defendant's status as a government employee:

> [The plaintiff] was aware at the time of the accident that [the defendant] was employed by the ASCS. He was unaware only of the legal significance of this fact. The purpose of the statute of limitations is to require the reasonably diligent presentation of tort claims. This may require a plaintiff to obtain appropriate legal counsel and together with counsel discover the facts and their possible legal ramifications so as to enable plaintiff to bring the suit within a reasonable time.

*Id.* at 549 (*citing Kubrick*, 444 U.S. at 123, 100 S.Ct. at 360). *See also Steele v. United States*, 599 F.2d 823, 828 (7th Cir. 1979) (holding that the plaintiff's claim against the government was time-barred where the plaintiff failed to file a timely administrative claim; the plaintiff knew that he had been injured but was unaware that the party that caused the injury was a government employee); *Barry v. Stevenson*, 965 F.Supp. 1220, 1224 (E.D. Wis. 1997) (plaintiff's claim against the government was time-barred where the defendant failed to file an administrative claim; the plaintiff knew that he had been injured by a government employee but was unaware that the employee had been acting within the scope of his employment).

Although the present case does not involve statute of limitations issues under the FTCA like *Kurbick* and *Wollman*, those cases are nonetheless instructive. They stand for the proposition that "reasonable diligence" under the FTCA requires that the plaintiff consult with doctors, lawyers and other experts when investigating his or her claim. In this case, if the Plaintiff had consulted with an attorney prior to preparing his administrative claim, he would

have been aware of the effect of a settlement or damages award on his benefits and pension. Thus, it is clear that the legal implications of a settlement or damages award cannot be considered newly discovered evidence justifying an increase in the *ad damnum* or the amount of his administrative claim.

## II. The Exception for Intervening Facts.

Plaintiff also attempts to shoehorn his request for leave to increase the *ad damnum* and the amount of damages requested in his administrative claim into the exception under Section 2675(b) for intervening facts. In his reply brief, Plaintiff suggests that the effect of a damages award on his other benefits should constitute an intervening fact because any loss of benefits cannot occur unless and until the Court actually awards him some damages in the first place. (R. 10-1, Reply to Def.'s Resp. to Pl.'s Mot. to Increase the *Ad Damnum* at 3.)[1]

Plaintiff's argument proves too much. If the effect of an eventual damages award on Plaintiff's benefits is truly an intervening fact, then Plaintiff is essentially saying that he could not have considered it at the time he prepared his administrative claim. But Plaintiff does not make that argument. To the contrary, Plaintiff admits that it was possible to consider the effect of a potential damages award on his benefits. Plaintiff simply claims that he should be excused from any duty or responsibility to consider that effect because he prepared his administrative claim without the assistance of an attorney. (R. 6-1, Mot. to Increase the *Ad Damnum* at 3-4.)

---

[1] Arguments, such as this, which are not fairly responsive to points made in the opposition to a motion and are raised for the first time in a reply brief, are generally deemed to have been waived. *See Montalvo v. Park Ridge Police Dept.*, 270 F.Supp.2d 800, 803 (N.D. Ill. 2001). In view of the novelty of the issues presented, however, the Court shall address Plaintiff's new argument.

6

In fact, the potential loss of benefits would constitute an intervening fact only if the rules for countable income had been changed *after* Plaintiff prepared his administrative claim. *Cf. O'Rourke v. Eastern Air Lines, Inc.*, 730 F.2d 842, 856 (2d Cir. 1984) ("[C]ourts have ruled on the scope of [Section 2675(b)] have granted motions to amend *ad damnum* clauses only when an unexpected change occurred either in the law or in a medical diagnosis."); *see also McMichael v. United States*, 856 F.2d 1026, 1035-1036 (8th Cir. 1988) (upholding recovery in excess of administrative claim because unprecedented inflation qualified as an "intervening fact" and because it was "unforseeable" that the case would remain in litigation for ten years).

Thus, Plaintiff's belated understanding of the implications of a settlement or damages award cannot be considered intervening facts justifying an increase in the *ad damnum* or the amount of his administrative claim.

## CONCLUSION

Plaintiff's Motion to Increase the *Ad Damnum* and the Amount of Damages Requested in His Administrative Claim (R. 6-1) is denied.

ENTERED:

AMY J. ST. EVE
United States District Court Judge

Dated: October 1, 2002

7